FILED - CLERK
U.S. DISTRICT COURT

05 MAY 10 AM 9: 23

TEXAS-EASTERN

BY _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** } | |
| } | **CIVIL ACTION NO.** 6:05cv162 |
| **Plaintiff,** } | |
| } | |
| **v.** } | **COMPLAINT** |
| } | |
| **JEA SENIOR LIVING d/b/a PINEHURST ALZHEIMER'S SPECIAL CARE CENTER,** } | |
| } | **(JURY DEMANDED)** |
| } | |
| **Defendant.** } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals.

The Commission alleges that the Defendant, JEA Senior Living d/b/a Pinehurst Alzheimer's Special Care Center, subjected Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals to disparate treatment and a hostile work environment based on race, African-American. The Commission further alleges that the Defendant discriminated against Sherry Warlick

**COMPLAINT**                                                                                                 1

by subjecting her to a hostile work environment. The Commission alleges that the Defendant further violated Title VII by terminating Deaquinita Clark in retaliation for her opposition to employment practices she believed to be unlawful under Title VII. The Commission further alleges that the Defendant constructively discharged Tiquana Watson.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

**PARTIES**

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4.      At all relevant times, Defendant, JEA Senior Living d/b/a Pinehurst Alzheimer's Special Care Center has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

**COMPLAINT**                                                                                     2

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson filed charges of discrimination with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      During the employment of Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Linda Warren, Tiquana Watson and Tiffany Watson, Defendant subjected them and other similarly situated aggrieved individuals to disparate treatment in the terms and conditions of their employment including benefits and privileges on the job because of their race, African-American, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2. Further, Defendant subjected Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and other similarly situated aggrieved individuals to racial slurs, comments and racial comments that created a hostile work environment. In addition, in April 2003, Defendant constructively discharged Tiquana Watson, and unlawfully terminated the employment of Deaquinita Clark in retaliation for her opposition of a discriminatory act, in violation of Section 704(a) of Title VII.

9.      The effect of the practices complained of above has been to deprive Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans,

**COMPLAINT**                                                                                                 3

Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees.

10.    The unlawful employment practices complained of in paragraph 8, above, were intentional.

11.    The unlawful employment practices complained of in paragraph 8, above, were done with malice or reckless indifference to the federally protected rights of Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, JEA Senior Living Center d/b/a Pinehurst Alzheimer's Special Care Center, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates on the basis of race in violation of Title VII.

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant to make whole Deaquinita Clark and Tiquana Watson and any other similarly situated aggrieved individuals by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, front pay, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to rightful place reinstatement.      D.      Order the Defendant to make whole Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8, above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.      Order the Defendant to make whole Charging Parties Rosemary Baker, Mattie Bowser, Teresa Bowser, Deaquinita Clark, Hazel Dixon, Vernell Evans, Tammy Harsfield, Aquanette Mims, Voncella Street, Phyllis Temple, Sherry Warlick, Linda Warren, Tiquana Watson and Tiffany Watson and any other similarly situated aggrieved individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 8, above, in amounts to be determined at trial.

F.      Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 8, above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

**COMPLAINT**                                                                                                5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

GWENDOLYN Y. REAMS
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2740
(214) 253-2749 (FAX)

**COMPLAINT**                                                          6